RECEIVED
IN LAKE CHARLES, LA.

JUN 29 2011

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARL L. BOYD | : | DOCKET NO. 2:10 CV1463 |
| VS. | : | JUDGE MINALDI |
| CALCASIEU PARISH SHERRIFS OFFICE, et al. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court are two Motions: (1) a Motion to Appeal the Magistrate Judge's Decision granting the plaintiff an extension of time to effect service [Doc. 12], and (2) a 12(b)(5) Motion to Dismiss for insufficient service of process [Doc. 8] filed by the defendants, Calcasieu Parish Sherrifs Office, et al.

On March 21, 2011, the clerk of court sent to the plaintiff a Notice of Intent to Dismiss for Failure to Prosecute under Local Rule 41.3W. [R. Doc. 6]. Less than two weeks later, the plaintiff filed a Motion for Extension of Time to Effect Service. The plaintiff cited a communication breakdown on the part of his attorneys for the failure to serve the defendant. Each believed that the other had served the defendant. "Counsel guarantee[d] that this kind of mistake will never happen again," and sincerely apologized for any inconvenience to this Court. [R. Doc. 7]

Meanwhile, the plaintiff served the defendant, through private process server [R. Doc. 7-2, Proof of Service]. Later, the Magistrate Judge granted the plaintiff's extension request, without giving reasons. Now, the defendants challenge the Magistrate Judge's Ruling, questioning whether good cause existed to extend the deadline.

**STANDARD OF REVIEW**

Magistrate judges are empowered by the United States Code to "hear and determine" non-dispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A) (2006). If a party is dissatisfied with a magistrate judge's ruling, it may appeal to the district judge, who may reconsider the ruling and reverse it "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). A finding is clearly erroneous when a reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Stevens*, 487 F.3d 232, 240 (5th Cir. 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## LAW & ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure allows a court to extend the time for service if the plaintiff shows good cause for its failure to serve the defendant. "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules *usually* does not suffice.'" *System Signs Supplies v. United States Dep't of Justice*, 903 F.3d 1011, 1013 (5th Cir. 1990) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.3d 1304, 1305 (5th Cir. 1985)) (emphasis added). Good cause requires a showing of good faith and some reasonable basis for noncompliance with the time specified. *Id.*

Here, the Magistrate Judge's Ruling was not clearly erroneous or contrary to law. Contrary to the defendants' assertion [R. Doc. 17 at 3], the plaintiff described the reasons (i.e., cause) for the delay, and requested an extension of the service deadline. The plaintiff's counsel believed, in good faith, that the defendants had already been served. This may represent some mistake of counsel, but it is not so insufficient as to warrant dismissal. It is not unreasonable for individuals, even lawyers, to not communicate effectively. The plaintiff demonstrated why this

neglect is excusable by immediately serving the defendants upon receiving notice of the deficiency.

Moreover, the case cited by the defendants, *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505 (E.D.La. 1985), is distinguishable. [R. Doc. 12-1 at 3]. In that case, the court analyzed two prior rulings wherein good cause did not exist. In those cases, the plaintiff merely and solely indicated that all defendants had been served after the service of process deadline. There was no reason justifying the failure to meet the deadline. The court found service without justification insufficient to demonstrate good cause. *Id.*

Here, however, the plaintiff went beyond merely indicating that the defendants have been served; he justified the failure to serve timely by indicating that there was a miscommunication between plaintiff's attorneys. Thus, the Magistrate Judge was not clearly erroneous when she granted the plaintiff's Motion to Extend, as good cause existed to extend the plaintiff's filing deadline. This Court does not take up the issue raised by the plaintiff that Rule 4(m) does not require "good cause" to extend the filing deadline. [R. Doc. 14]. Because the defendants have been served, their 12(b)(5) Motion to Dismiss will be denied. Accordingly, it is

ORDERED that the defendants' Motion to Appeal the Magistrate Judge's Ruling is DENIED;

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss under Rule 12(b)(5) is DENIED.

Lake Charles, Louisiana, this ___ day of _____ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE